UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV18-03035 JAK (AGRx) | Date | August 20, 2018 |
| Title | Confident Technologies, Inc. v. Fandango Media, LLC | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION TO DISMISS CASE FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6) (DKT. 22)

### I.  Introduction

Confident Technologies, Inc. ("Plaintiff") brought this action against Fandango Media, LLC ("Defendant") on April 11, 2018, alleging infringement of U.S. Patent No. 8,621,578 ("the '578 Patent"). Complaint, Dkt. 1. On June 8, 2018, Defendant brought a Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). Dkt. 22. Defendant argues that Plaintiff's direct infringement and induced infringement claims should be dismissed. Defendant argues that the Complaint "does not plausibly allege that all steps of the claimed methods are performed by or attributable to Fandango, or that Fandango induces infringement of the claimed methods." Dkt. 22 at 1 (Notice of Motion). Plaintiff opposed the Motion (Dkt. 24), and Defendant replied (Dkt. 27).

A hearing on the Motion was conducted on July 23, 2018, and it was then taken under submission. Dkt. 32. For the reasons stated in this Order, the Motion is **GRANTED**, without prejudice to the filing of an amended complaint on or before September 4, 2018.

### II.  Factual Background

The Complaint alleges that the '578 Patent "is directed to a method and system of telling apart a human from a computer using a graphical image verification system." Complaint, ¶ 8. It then alleges that Defendant "and/or those acting in concert with Defendant" infringed "at least claim 1" of the '578 Patent by, "among other things making, using, selling, and inducing others to use ReCAPTCHA technology in connection with gaining access to streaming content and/or movie tickets through the use of [Defendant's] websites, mobile apps, and ticket purchasing services." *Id.* at ¶ 12.[1]

Claim 1 of the '578 Patent recites:

> 1. A method for generating a completely automated test to tell computers and humans apart comprising:

---

[1] The '578 Patent states that "CAPTCHA" is the acronym derived from "Completely Automated Public test to Tell Computers and Humans Apart." '578 Patent at 2:39-42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-03035 JAK (AGRx) | Date | August 20, 2018 |
| Title | Confident Technologies, Inc. v. Fandango Media, LLC | | |

> generating a matrix of non-overlapping randomly selected images in response to an access request of a user, the dynamic graphical arrangement comprising one randomly selected image from a selected image category chosen for an image recognition task and at least one image not from the selected image category, wherein each image is associated with a unique randomly generated access code, wherein the image recognition task comprises an instruction to select one image corresponding to the selected image category from the matrix of non-overlapping randomly selected images;
>
> presenting the dynamic graphical arrangement of randomly selected images to the user and communicating the image recognition task to the user;
>
> receiving an input from the user access device at a server system, the input comprising the unique randomly generated access code associated with the one image from the selected category;
>
> the server system comparing the input from the user access device to an authenticating reference code to confirm the user is a human and not a computer; and
>
> wherein the matrix comprises at least one image known to belong to the selected image category, at least one image known to not belong to the selected image category and at least one image suspected to belong to the selected image category and wherein the user is still granted access to the website when the input from the user access device comprises selection of the at least one image known to belong to the selected image category and selection or omission of the at least one image suspected to belong to the selected image category.

'578 Patent, Claim 1.

The Complaint also includes allegations that Defendant directs customers to its website and "use[s] ReCAPTCHA technology as a precondition" before allowing them to purchase movie tickets, stream content, or access account information. Complaint, ¶ 9. The Complaint alleges that the ReCAPTCHA technology presents a customer with a matrix of various types of images. It then directs that user to select all of those images that fit within an identified category, *e.g.,* all images in which a motor vehicle appears. Once the user successfully does so, the user is allowed to access a particular website. *Id.* Through this process, the Complaint alleges that "[t]he ReCAPTCHA technology utilizes the claimed '578 technology." *Id.* To support the claim of direct patent infringement, the Complaint also attaches a claim chart, labeled "Exhibit B." Complaint, Ex. B, Dkt. 1-2. Exhibit B allegedly includes "exemplary support" for the allegations that Defendant infringes at least Claim 1 of the '578 Patent through its use of ReCAPTCHA technology. *Id.*

The Complaint also alleges that Defendant "and/or those acting in concert" with Defendant "induced customers . . . to infringe the '578 patent, by requiring its direct and indirect customers to use infringing ReCAPTCHA technology to purchase tickets and/or stream content." Complaint, ¶ 14. The Complaint alleges that Defendant "intends to and instructs its direct and indirect customers to infringe at least claim 1 of the '578 patent by using ReCAPTCHA technology as a precondition to purchasing tickets and/or streaming content." *Id.* The Complaint then alleges that "Defendant was aware or should have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03035 JAK (AGRx) | Date | August 20, 2018 |
|---|---|---|---|
| Title | Confident Technologies, Inc. v. Fandango Media, LLC | | |

aware or [was] willfully ignorant of the '578 Patent by at least January of 2014." *Id.* at ¶ 15.

### III. Analysis

#### A. Legal Standards

##### 1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." As the Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [*Id.*] Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Iqbal* identifies "[t]wo working principles" that underlie the standard that applies to a motion to dismiss. *Id.* First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.' " *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

##### 2. Direct Infringement Under a Theory of Joint Infringement

"Direct infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379–81 (Fed. Cir. 2007)). "While a typical claim of direct infringement requires proof that a defendant performs each step of the claimed method, joint infringement requires more." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016). The key inquiry is whether "the acts of one are *attributable* to the other such that a single entity is responsible for the infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1351 (Fed. Cir. 2018) (quoting *Akamai*, 797 F.3d at 1022) (emphasis in original). The Federal Circuit has held that "an entity will be responsible for others' performance of method steps in two circumstances: '(1) where that entity directs or controls others' performance, and (2) where the actors form a joint enterprise.'" *Lyda*, 838 F.3d at 1338-39 (quoting *Akamai*, 797 F.3d at 1022).

"A claim of joint infringement thus requires pleading facts sufficient to allow a reasonable inference that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-03035 JAK (AGRx) | Date | August 20, 2018 |
| Title | Confident Technologies, Inc. v. Fandango Media, LLC | | |

all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Id.* at 1339; *see also id.* at 1340 (dismissal of complaint proper where plaintiff failed to include allegations that "can form the basis of a reasonable inference that each claim step was performed by or should be attributed to [d]efendants"). In determining whether a party exercises direction or control over another, courts consider whether "an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner and timing of that performance." *Akamai*, 797 F.3d at 1023.

       3.    <u>Induced Infringement</u>

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b) (2012). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 131 S.Ct. 2060, 179 L.Ed.2d 1167 (2011). Liability for induced infringement "must be predicated on direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 134 S. Ct. 2111, 2117 (2014). "For an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.' " *Lifetime Indus., Inc. v. Trim–Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting *Bill of Lading*, 681 F.3d at 1339); *see also Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018).

    B.    Application

       1.    <u>Sufficiency of Pleadings as to Direct Infringement Allegations</u>

Defendant challenges the sufficiency of the direct infringement allegations in the Complaint. Defendant contends that, because ReCAPTCHA technology was developed, and provided by non-party Google for use by Plaintiff, Plaintiff cannot alone perform each and every step of the claims. Dkt. 22 at 2, 8; *see also* Dkt. 27 at 1. Instead, Defendant argues that to plead patent infringement sufficiently, the Complaint must meet the requirements for pleading joint infringement. Thus, it must allege sufficient facts to allow a reasonable inference that all steps of the claimed method are performed either by Plaintiff or Google and that Plaintiff exercises direction or control over Google's performance of the claim steps. Dkt. 27 at 2-3.

Plaintiff does not expressly concede that, under its theory of direct patent infringement, Google performs any of the steps of the claim. Instead, Plaintiff appears to assert that it has adequately alleged direct infringement by Defendant. *See* Dkt. 24 at 4-5. Plaintiff cites Exhibit B of its Complaint, which refers to Defendant's use of the ReCAPTCHA technology through Defendant's website as the basis for the claimed infringement. *Id.* In the alternative, Plaintiff contends that "assuming arguendo" Google performs one or more steps of the claimed method, "the performance of those steps is attributable to Fandango because Fandango directs and controls Google's performance." *Id.* at 5. However, the Complaint does not allege which steps of the claimed method would be performed by Google. Dkt. 27 at 2-3. Nor does it describe how Plaintiff conditions a benefit based on Google's performance of those claimed steps. *Id.*

At the hearing, Plaintiff argued that Exhibit B to the Complaint explains that, through Google's performance of the claimed steps, it obtains a benefit of data gathered for use in machine learning

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03035 JAK (AGRx) | Date | August 20, 2018 |
|---|---|---|---|
| Title | Confident Technologies, Inc. v. Fandango Media, LLC | | |

applications. *See also* Complaint, Ex. B, Dkt. 1-2 at 4 ("Every time our CAPTCHAs are solved, that human effort helps digitize text, annotate images, and build machine learning datasets. This in turn helps preserve books, improve maps, and solve hard AI problems." (quoting https://www.google.com/recaptcha/intro/)). However, once again, Plaintiff was unable to identify those steps of the claims that may be performed by Google or to explain how Plaintiff establishes the timing and performance of such steps.

The Complaint does not allege sufficient facts with respect to the relationship between Defendant and ReCAPTCHA or the one between Defendant and Google to support a plausible claim that all alleged acts of infringement of the '578 Patent can be attributed to Defendant. Plaintiff does not dispute that Google creates and distributes ReCAPTCHA for use by others. Complaint, ¶ 9; *see also* Dkt. 24. The present allegations, if established, would not show that Defendant itself performs each of the steps of the claims, including "generating a matrix of non-overlapping randomly selected images." Instead, they could be interpreted to refer to an aspect of ReCAPTCHA that is neither operated nor performed by Defendant.

To the extent the Complaint relies on a theory that both Defendant and non-party Google perform the steps of the claim, but that Google's actions are attributable to Defendant, its supporting allegations are insufficient. Google is only identified in a reference to https://www.google.com/recaptcha/intro/ as a website where information regarding ReCAPTCHA is available, and in a screenshot of Defendant's website showing a ReCAPTCHA matrix and underlying ReCAPTCHA script that mentions Google. Therefore, the Complaint does not plead "facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda*, 838 F.3d at 1339.

2. <u>Sufficiency of Pleadings as to Induced Infringement Allegations</u>

Because the allegations of direct infringement are insufficient, those as to induced infringement necessarily fail. *Limelight*, 134 S. Ct. at 2117. Furthermore, even assuming *arguendo* that the direct infringement allegations were sufficiently pleaded, the Complaint fails adequately to allege induced infringement. There are no allegations sufficient to explain how Defendant's customers could perform any of the steps of the claimed method. Claim 1 of the '578 Patent refers to "generating a matrix of non-overlapping randomly selected images," "presenting the dynamic graphical arrangement . . . to the user," "receiving an input from the user," and "the server system comparing the input." The Complaint does not provide a plausible explanation for how a customer who must complete a ReCAPTCHA to proceed to a particular website, could also be the direct infringer performing each and every limitation of the asserted claims. This would include,  for example, the claimed step of generating the ReCAPTCHA matrix itself and the claimed step of receiving the customer input for comparison by a server system.

3. <u>Leave to Amend</u>

Defendant contends that leave to amend should not be granted because it would be futile. If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)). Based on the arguments presented by the parties, it is appropriate to allow leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-03035 JAK (AGRx) | Date | August 20, 2018 |
|---|---|---|---|
| Title | Confident Technologies, Inc. v. Fandango Media, LLC | | |

The information presently available shows that Plaintiff can seek to revise the factual allegations in conformance with the determinations in this Order. That any amendments would be futile, has not been shown.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion is **GRANTED**, without prejudice to the filing of an amended complaint on or before September 4, 2018.

**IT IS SO ORDERED.**

                                                                                                                                                                                                      :

Initials of Preparer    ak